Case 1:19-cv-00170   Document 14   Filed on 10/21/20 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
October 21, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL DAVID GOMEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:19-170 |
| | § | |
| WILLACY COUNTY JAIL, | § | |
| Defendant. | § | |

## OPINION AND ORDER

On September 4, 2019, Plaintiff Daniel David Gomez filed a civil rights complaint against Defendant "Willacy County Jail." Dkt. No. 1. He also filed two additional complaints. Dkt. Nos. 10, 13-1. Between these complaints, Gomez has raised three claims: (1) he has been denied access to the courts, (2) he has been denied his right to speak with a federal investigator, and (3) he was assaulted by Joey Gonzales, a prison guard.

Gomez has consented to have this case heard and decided by the undersigned, pursuant to 28 U.S.C. § 636(c). Dkt. Nos. 5, 6. Because none of the defendants have yet been served or appeared in the case, the case could be transferred to the magistrate judge to conduct all proceedings solely based on Gomez's consent. Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995).[1]

Gomez has moved to proceed in forma pauperis. Dkt. No. 13.

Because Gomez is a prisoner, the Court has an affirmative obligation to "identify cognizable claims or dismiss the complaint, or any portion of the complaint" if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). After conducting this review, the Court concludes that Gomez has failed to state a claim upon which relief

---

1 After being served, Gonzales will be offered the opportunity to affirmatively consent to the ongoing jurisdiction of the magistrate judge. If Gonzales withholds consent, then the district judge should vacate the transfer to the undersigned. Murret v. City of Kenner, 894 F.2d 693, 695 (5th Cir. 1990).

1

can be granted as to his claims regarding access to the courts and access to a federal investigator. However, Gomez has stated a claim to relief as to a claim of excessive force against Gonzales and the motion to proceed IFP is granted as to that claim.

## I. Background

### A. Factual Background

Gomez alleges that on September 18, 2019, Sergeant Joey Gonzales assaulted him, leaving him with a black left eye and internal bleeding in that eye. Dkt. No. 13-1, p. 4. Gomez alleges that he had to be hospitalized for his injuries. Id. The record is devoid of any reason that Gonzales struck Gomez.

Gomez alleges that Gonzales assaulted him because Gomez had information about misconduct by various jail officials. Id. Examples of the misconduct include: sexual relationships between jail officials and inmates, some inmates retaining trustee status despite misconduct; jail officials lying about how an inmate was injured so the county government would have to pay for the surgery. Dkt. Nos. 1, 10, 13. Gomez also alleges that Gonzales placed him in isolation as retaliation and that, when he was not in isolation, Gonzales would place inmates in the same cell as Gomez in order to start fights. Dkt. No. 10-1, p. 4. Gomez does not provide any timeline of when these events happened in relation to the alleged assault, nor does he plead any direct evidence that Gonzales's actions were motivated by Gomez's complaints.

Gomez also alleges that he was denied the ability to "study litigation." Dkt. No. 13-1, p. 4. He alleges that on August 28, 2019, he sought a § 1983 petition form, paper and "cases so I could study my legal remedies," but he was not given any of those things. Dkt. No. 1. His original petition in this case seems to have been written on toilet paper.

### B. Procedural Background

On September 4, 2019, Gomez filed a civil rights complaint against the Willacy County Jail. Dkt. No. 1. Gomez alleged that jail officials violated his right to access the courts and that he was assaulted, resulting in injuries to his eye. Id.

2

On September 13, 2019, Gomez filed a consent to have this case heard and decided by a magistrate judge. Dkt. No. 5. On July 31, 2020, U.S. District Judge Fernando Rodriguez, Jr., transferred the case to the undersigned to conduct all future proceedings, including entry of final judgment. Dkt. No. 6.

On August 3, 2020, the Court noted that Gomez had failed to pay the filing fee or move to proceed in forma pauperis. Dkt. No. 8. It also noted that the only named defendant was the Willacy County Jail, which is not a juridical entity that can be sued. Id. (citing McHenry v. Stinnett Police Dep't, No. 2:13-CV-0228-J, 2014 WL 3728239, at *1 (N.D. Tex. Feb. 14, 2014) & Wright v. El Paso County Jail, 642 F.2d 134, 136 n.3 (5th Cir.1981)). Gomez was ordered to file, no later than August 24, 2020, an amended complaint that identifies the proper defendants and either (1) pay the $400 filing fee or (2) move to proceed in forma pauperis.

On that same day, Gomez filed an amended complaint. Dkt. No. 10. The complaint named Sergeant Corey Guzman and Chief Rene Ramirez as defendants. Id. Gomez added a claim that he was "denied to my right to speak with a federal investigator on things," including corruption and misconduct that he witnessed. Id.

On August 21, 2020, Gomez filed a motion to proceed in forma pauperis and another amended complaint. Dkt. No. 13. Gomez named Ramirez, Guzman, Investigator Andrew Mandonaldo and Gonzales as defendants. Id. In the most recent complaint, Gomez reiterated his claims from his first complaint that (1) that he was denied the right to "study litigation" and (2) that Gonzales assaulted him as retaliation for speaking out against corruption and misconduct. Dkt. No. 13-1.

Thus, between all three complaints, Gomez has raised three separate claims: (1) he was denied access to the courts; (2) he was denied access to a federal investigator; and (3) he was assaulted by Gonzales.

**II. Applicable Law**

    **A. Prisoner Litigation Reform Act**

Section 1915A, of title 28 United States Code, requires the Court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

"[Section] 1915A applies regardless of whether the plaintiff has paid a filing fee or is proceeding in forma pauperis ('IFP'), and also does not distinguish between dismissals as frivolous and dismissals for failure to state a claim." Ruiz v. U.S., 160 F.3d 273, 274 (5th Cir. 1998). A dismissal for failure to state a claim upon which relief can be granted, under § 1915A, is examined under the same standards as those applicable to Fed. R. Civ. P. 12(b)(6). Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

    **B. Failure to State a Claim**

Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." Ferguson v. Bank of New York Mellon Corp., 802 F.3d 777, 780 (5th Cir. 2015).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. Id. at 679.

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters

of which judicial notice may be taken under Federal Rule of Evidence 201." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019). All well-pled facts must be viewed in the light most favorable to the plaintiff. Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan, 960 F.3d 190, 194 (5th Cir. 2020).

Dismissal, for failing to state a claim upon which relief can be granted, is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

## III. Analysis

Allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

Gomez has filed three complaints. Dkt. Nos. 1, 10, 13. Gomez, as plaintiff, has requested that the complaints be consolidated. Dkt. No. 13. The Court will grant that request and will consider the facts and claims raised in all three complaints. In his various complaints, Gomez has basically raised three claims: (1) he was denied access to the courts; (2) he was denied the right to speak to a federal investigator; and (3) he was assaulted by Gonzales. Gomez's first two claims fail to state a claim upon which relief can be granted. The third claim is potentially meritorious and IFP status will be granted as to that claim.

### A. Access to the Courts

Gomez alleges that he was denied the right "to study litigation," which the Court understands to be a claim that he was denied access to the courts. This claim is dismissed for failure to state a claim upon which relief can be granted.

Prisoners have a constitutional right to access the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). That right of access, however, is not a free-standing, all-encompassing right. A prisoner must allege a concrete injury as a result of the denial of access. Lewis v.

Casey, 518 U.S. 343, 351 (1996).  "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Gomez has not made any allegation as to the underlying cause of action that he wished to pursue which was hindered by his lack of access.  If the underlying cause of action is comprised of the claims made in this case, then he was not denied access to the courts, because he has been able to vigorously litigate this case. Richard v. Martin, 390 F. App'x 323, 325 (5th Cir. 2010).  This claim is dismissed with prejudice to refiling.

### B. Right to Speak with Investigator

Gomez alleges that he has been denied his right to speak to a federal investigator about the alleged misconduct that he has witnessed.  This claim is frivolous.

"The law is clear that inmates do not enjoy a constitutional right to an investigation of any kind by government officials." Hosey-Bey v. Gordy, No. 2:13-CV-838-WKW, 2017 WL 1130883, at *5 (M.D. Ala. Feb. 22, 2017), report and recommendation adopted, No. 2:13-CV-838-WKW, 2017 WL 1130163 (M.D. Ala. Mar. 24, 2017) (quoting Banks v. Annucci, 48 F.Supp.3d, 394, 414 (N.D. N.Y. 2014)).  This claim is dismissed with prejudice to refiling.

### C. Assault

Gomez alleges that Gonzales assaulted him, injuring his left eye, as an act of retaliation for Gomez's complaints about alleged misconduct.

Gomez raises a potentially meritorious claim for excessive force against Gonzales. "To determine whether the use of force was excessive, [the] court evaluates five nonexclusive factors: (1) the extent of the injury suffered by the inmate; (2) the need for the application of force; (3) the relationship between the need for force and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) efforts made to temper the severity of a forceful response." Schneider v. Kaelin, 569 Fed. App'x.

6

277, 279 (5th Cir. 2014) (unpubl.).

Under the facts as alleged here, Gomez has stated a potentially meritorious claim. The force of the injury was so great that Gomez had to be transported to a hospital. There have been no facts pled showing that such force was necessary or was tempered in any way. Accordingly, this claim should be permitted to proceed.

Gonzales is the only valid defendant as to this claim. Gomez has not alleged that any other defendant was personally involved in the assault. Chief Ramirez cannot be held liable under a theory of supervisory liability. Estate of Davis ex rel. McCully v. City of N. Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005). As to Guzman and Mandonaldo, there have been no facts pled to show they played any role in the assault. All defendants, other than Gonzales, will be dismissed from this case.

While the excessive force claim may be valid, the same cannot be said about the retaliation claim. "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." DeMarco v. Davis, 914 F.3d 383, 388 (5th Cir. 2019). As to the causation element, "mere conclusional allegations are insufficient to support a retaliation claim." Id. Gomez must plead facts that either are direct evidence of causation or "allege a chronology of events from which retaliation may plausibly be inferred." Id. Gomez has failed to meet this standard.

Gomez has merely alleged that Gonzales "had it out for me" and used various techniques – placement in isolation, inciting inmates to start fights with him, the assault – as methods of retaliation. Gomez's allegation of retaliation is, at best, conclusory. Indeed, he has not pled any direct evidence of retaliation or a chronology of events that could plausibly show a pattern of retaliation. This failure is fatal to any retaliation claim. See Garcia v. Gonzalez, 478 F. App'x 928, 929 (5th Cir. 2012) (A prisoner's "personal belief that he is a victim of retaliation is insufficient to raise a meritorious retaliation claim").

Accordingly, the Court will permit Gomez's claim regarding the assault to go forward as an excessive force claim with Gonzales as the only proper defendant. As set out further below, the motion to proceed in forma pauperis will be granted as to this claim.

**IV. Order**

It is ordered that the claims for denial of access to the courts and the inability to speak to a federal investigator are dismissed with prejudice for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915a(b)(1).

Defendants Willacy County Jail, Rene Ramirez, Corey Guzman and Andrew Mandonaldo are dismissed with prejudice to refiling.

The motion to proceed in forma pauperis is granted as to the sole remaining claim, the use of excessive force by Defendant Joey Gonzales. Dkt. No. 13.

The Clerk is ordered to issue summons and – pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure – the United States Marshal Service shall serve a copy of the complaint (Dkt. No. 13-1), summons, and this order upon Gonzales at the address provided by Gomez.

While Gomez is proceeding in forma pauperis, that status does not excuse him from paying the filing fee; it merely permits him to proceed without prepayment of the filing fee. Federal law requires that a prisoner who brings a civil action in forma pauperis shall be required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). Because Gomez is a prisoner, he is required to pay the full amount of the $400 filing fee. Gomez shall be assessed an initial partial fee of $10.00. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court.

Thereafter, Gomez shall pay the balance of the filing fees, in periodic installments. Gomez is required to make payments of 20% of the preceding month's income credited to the Gomez's prison account until he has paid the total filing fee of $400.00. The agency having custody of Gomez shall collect this amount from the trust fund account or

8

institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the clerk of the district court.

The clerk shall mail a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collecting and remitting to the district court filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

DONE at Brownsville, Texas, on October 21, 2020.

Ronald G. Morgan
United States Magistrate Judge